IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEXTER ANDERSON,

                Plaintiff,                      OPINION AND ORDER

v.

                                            18-cv-777-wmc

D. VAIR and ORMAN,

                Defendants.

*Pro se* plaintiff Dexter Anderson, who was previously incarcerated at the Federal Correctional Institution in Duluth, Minnesota ("FCI-Duluth"), is proceeding in this *Bivens* action against defendants D. Vair and Orman, claiming that they transported him in handcuffs that were too tight, which caused him pain and injuries in violation of his Eighth Amendment rights. Now before the court is defendant Vair's motion for summary judgment for Anderson's failure to exhaust administrative remedies or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted. (Dkt. #19.)

For the reasons that follow, the court will grant Vair's motion on the ground that Anderson failed to exhaust his administrative remedies. Additionally, the court will dismiss defendant Orman from this lawsuit as his real identity was never established nor was he ever properly served. Finally, as for plaintiff's assertion in his opposition briefing that his actual intent is to pursue a Federal Tort Claims Act ("FTCA") in this case - - a claim that the court did not address in the screening order - - the court will grant Anderson leave to proceed against the United States on that claim.

OPINION

I.    **Exhaustion**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must also "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including: (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Still, in circumstances in which the prison provides a prisoner the opportunity to cure a deficiency and resubmit a request, as is true here, the prisoner must take advantage of that offered procedure to complete the

exhaustion process. *Cannon v. Washington*, 418 F.3d 714 (7th Cir. 2005) ("By failing to take advantage of the procedure offered" by the institution, the inmate failed to exhaust his administrative remedies with respect to that claim.)

On August 15, 2017, the Bureau of Prisons ("BOP") transferred Anderson from the Federal Prison Camp in Oxford, Wisconsin, to the Federal Prison Camp in Duluth, Minnesota. On August 20, 2017, Anderson filed a "sensitive" administrative remedy request regarding Officer Vair's conduct during the transfer; and on August 23, 2017, he filed one as to Officer Orman's conduct, although Anderson was unable to name Orman specifically at that time. On August 30, 2017, the BOP rejected Anderson's request for a remedy against Vair as "not sensitive," and instructed Anderson to re-file his request at the local level using regular procedures. On August 31, 2017, the BOP further rejected Anderson's request as to Orman for the same reason.

Anderson claims that he did not receive either of these rejection notices until January 9, 2018, because the BOP sent the notices to Duluth, while Anderson was by then being held at the Federal Medical Center in Butner, North Carolina. After finally receiving the rejection notices, Anderson submitted an administrative remedy (BP-9) request to FCI Duluth the very next day, January 10, but BOP rejected that request because it was not received within 20 days of the complained-of event. On January 26, Anderson further attempted to resubmit his BP-9's, which the BOP also did not accept because they too were untimely.

On May 15, 2018, Anderson next submitted a regional administrative remedy appeal (BP-10), which the regional office denied on May 31, because Anderson had not

"first file[d] a BP-9 request through the institution." Still undaunted, on June 25, Anderson submitted a central office administrative remedy appeal. The central office denied the appeal. Concurring with the rationale of the regional office, however, as well, on July 16. The central office denial further explained: "If staff provide a memo stating the late filing was not your fault, then re-submit to the level of the original rejection." (Dkt. #2-21.) For whatever reason, it appears that Anderson never submitted a request to the local level staff for a memo justifying his delay.

Based on this evidence, however understandable may be his frustration, there is no dispute that Anderson failed to follow the BOP's administrative remedy procedures in choosing not to follow up by requesting a memo from staff stating that his delay in submitting a BP-9 was not his fault. Anderson does not dispute these facts, but opposes the motion on the ground that prison officials prevented him from fully exhausting his remedies, alluding to the principle that an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, -- U.S. -- , 136 S. Ct. 1850, 1858 (2016). Anderson further asks the court to excuse his failure to submit the requested memorandum because he "could not have forced a prison official to provide a memorandum stating that it was not the plaintiff's fault as to the untimeliness of his remedy." (Dkt. #25.)

Anderson's responses are insufficient to raise a genuine dispute since they are based on speculations as to whether BOP staff would have refused to provide the requested memorandum, rather than proof that further administrative procedures were unavailable to him. *See Bordelon v. Board of Educ. of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016) ("Rule 56 demands something more specific than the bald assertions of the general

4

truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.") If anything, Anderson's response appears to concede that he never asked any BOP personnel to provide him the requested memorandum, despite being directed by the central office to do just that. For the court to entertain his position that he exhausted all administrative remedies available to him, Anderson would at minimum need to come forward with some indication that prison officials actually prevented him from curing his untimely request for an administrative remedy by refusing to provide the requested memorandum.

Accordingly, defendant Vair has carried his burden to prove that Anderson failed to exhaust his administrative remedies, and Anderson's claim against him will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Thus, the court need not resolve Vair's alternative argument that Anderson's claim against him is not cognizable. *See Perez*, 182 F.3d at 535 (concluding that any lawsuit a prisoner files "before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . . .").

II. **Defendant Orman**

As for defendant Orman, it appears he has yet to be identified or served with the summons and complaint in this action because the U.S. Marshal has been unable to locate him. (Dkt. #15.) The court did not impose a deadline by which Anderson had to amend his complaint to identify Orman as a defendant properly, but Anderson still has not

5

provided the correct name for this defendant. Ordinarily, the court would give Anderson one more chance to provide the correct name so he may be served, but that step would appear to be unnecessary here, given the court's conclusion that Anderson failed to exhaust his administrative remedies with respect to his claim against defendant Vair.

The Court of Appeals for the Seventh Circuit has held that courts have discretion to raise affirmative defenses on their own, in particular when "it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) (discussing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)). At this point, it would seem an utter waste of judicial resources to permit Anderson to seek further leave to serve discovery as to defendant Orman's actual name and whereabouts, allow time for service, then only to re-litigate his exhaustion defense, especially since it is clear that the result would be the same with respect to Orman. Accordingly, the court will dismiss Orman as a defendant in this action on the same ground it is dismissing Vair.

### III. FTCA Claim

Finally, although the court previously dismissed the United States as a defendant, having it construed Anderson to be pursuing only Eighth Amendment claims under *Bivens*, Anderson has clarified in his opposition brief that his intent is actually to pursue a Federal Tort Claims Act ("FTCA") claim related to the August 14, 2017, transport incident. (*See* dkt. #25, at 1.) Moreover, since Anderson included a request for monetary damages under the FTCA in his original complaint, the court will screen this claim and allow him to

6

proceed.

The FTCA provides a remedy for individuals seeking recovery for damages caused by the negligent or wrongful act of an employee if done within the scope of his employment by the federal government. 28 U.S.C. §§ 2671-2680; *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013); *Keller v. United States*, 771 F.3d 1021, 1022-23 (7th Cir. 2014). Specifically, "[f]ederal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). A claim brought under the FTCA is governed by "the law of the place where the act or omission occurred."

Here, Anderson alleges that U.S. Prison Officers Vair and "Orman" kept him in excessively tight handcuffs during his transport from the Federal Prison Camp in Oxford, Wisconsin, to the Federal Prison Camp in Duluth, Minnesota. These allegations also permit an inference that Vair's and Orman's responses to his complaints about his handcuffs were negligent or intentional. Under both Wisconsin and Minnesota law, to prevail on a claim for negligence, Anderson must show that Vair and Orman owed Anderson a duty of care, breached that duty, and the breach was a proximate cause of Anderson's injury. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860, 865 (2001); *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). Given Anderson's allegations that both Vair and Orman either ignored Anderson's complaints about the pain he was in—and outright refused to loosen the handcuffs—his injuries would appear to support an FTCA claim. Accordingly, since the United States is the only proper defendant for this claim, *see* 28 U.S.C. § 2679(b)(1); *Jackson v. Kotter*, 541 F.3d 688, 693

(7th Cir. 2008), the court will reinstate the United States as a defendant in this lawsuit and grant Anderson leave to proceed on his FTCA claim.[1]

ORDER

IT IS ORDERED that:

1. Defendant D. Vair's motion for summary judgment (dkt. #19) is GRANTED. Anderson's claims against defendants Vair and Orman are DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The United States is reinstated as a defendant in this lawsuit, and plaintiff is GRANTED leave to proceed against the United States on an FTCA claim, as provided above.

3. The clerk's office will prepare summons and the U.S. Marshal shall effect service upon the United States.

4. The current trial schedule is STRUCK, and the clerk of court is directed to set this matter for a preliminary pretrial telephonic conference following the United States' responsive pleading or motion to dismiss.

Entered this 30th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court notes that Anderson filed documentation related to his administrative claim for damages under the FTCA (*see* dkt. ##2-7, 2-8), so there is no basis to infer, at least at the outset, that Anderson failed to exhaust his administrative remedies with respect to this claim.